## Fairview Township Authority v. Berguson

*James A. Johnson,* for condemnor.
*J. Ross McGinnis,* for condemnee.

HORN, *J.,* October 22, 1992—The court has heard argument of counsel, taken testimony of witnesses, and reviewed the legal authority submitted by counsel.

Based upon our analysis of the record in this case, the preliminary objections of the condemnee are refused and dismissed.

The condemnee objects to the taking of a 20-foot strip of land on the east side of their property for a community sewer line from Benyo Lane to Hillcrest Drive. This is a gravity flow line that will connect 27 residences on Benyo Lane.

The testimony reveals that the condemnees have been engaged in continuous discussion with the Fairview Township Sewer Authority concerning this project.

Condemnee alleges that the selection of this right-of-way is unreasonable, arbitrary, and done in bad faith.

We shall review the allegations and evidence to determine the propriety of the authority's action.

The condemnee suggests that there exists a sewer right-of-way on Lot 20, his neighbor's property. Apparently when the area was developed the developer was requested to place 8-inch dry sewer lines in the road beds. As a part of this plan, allegedly the lot to the east of the condemnee was to be burdened with a sewer right-of-way. However, subsequent to the original plan the developer obtained a building permit for Lot 20 and the condemnee's neighbor, Mr. Baughman, now resides where the alleged sewer right-of-way was to have been located.

The argument revealed this was to have been originally part of the Northern York County Regional Sewer Authority, however, there is no evidence as to the existence of that authority nor its relation to the condemnee nor the location on Lot 20.

The condemnee contends the authority should select a route from Benyo on an angle across an adjacent property, across the Baughman property (Lot 20), and along the lot line of Lots 19 and 20 thereby utilizing a part of the old dry sewer. This would then keep the sewer in what was described as Phase 1.

Inquiry was made of Thomas Phillion, the project engineer, who indicated that the course was considered but the existing sewer lines in Hillcrest Drive were not deep enough; the cost would escalate greatly because to place the sewer line on the Lot 19-20 line the digging devise would have to sit in a 14 feet wide, 5 feet deep trench to place the line low enough to accommodate the flow from Benyo Lane to Hillcrest Drive because the land at the northeast corner of Lot 19-20 is the highest point on the rear lot lines of Lots 21 (condemnee), Lot 20 (Baughman) and Lot 19. Pillion also testified that to dig to a depth of 25 feet would greatly increase the cost of the line and would create a danger to the stability of the houses on Lot 19 and Lot 20.

He also testified that this location would require that an easement be obtained over the lands of three different property owners and require the removal of a grove of mature trees.

The testimony revealed that the right-of-way over the condemnee's land would not require the authority to dig as deeply; it is a direct line and it involves only one property owner as opposed to three and adds two additional properties to this project.

The total area being sewered involved about 1,000 homes and this particular sewer line over the Berguson property will service approximately 20 sewer properties on Benyo Lane that cannot be otherwise serviced.

While we appreciate the concerns of the Bergusons in having their driveway and landscaping disturbed for the installation of a trunk line sanitary sewer, we cannot conclude that the action of the Fairview Township Authority amounted to bad faith or was in any way arbitrary or unreasonable.

The tenor of the case indicated that Mr. Berguson was never aware of the fact that the "dry sewers" were not at a suitable depth for this project or the engineering problems the authority would encounter in selecting the alternate or another site for a line to service Benyo Lane.

We are concerned with the concept of Mr. Baughman being permitted to install a lateral on this portion of the line rather than on Hillcrest Drive but that goes to the issue of the damages which Mr. and Mrs. Berguson will ultimately receive rather than the right of the condemnor to acquire the right-of-way.

Finally, while the township engineer, Robert Hartman, in years past did some work for the original developer and while the firm of which he is a member did the design work on the project, we find no evidence that

the layout in question amounts to bad faith or is unreasonable since the reasons assigned for selecting the right-of-way in question offers the best solution to accommodate the 27 lots on Benyo Lane. The alternative route suggested by Mr. Berguson would require a deeper line and would be more costly because of the grade and the depth. The corner of Lot 19 and 20 in the rear is the highest point on the project and the testimony establishes that the line would have to be 25 feet in depth which would increase the cost and would endanger the adjoining residences.

This case is governed by the holding in *Blauh v. Columbia Gas of Pa. Inc.*, 11 Pa. Commw. 304, 314 A.2d 880, 883 (1974), wherein it was held "Unless the objecting condemnee can show action on the part of the condemnor amounting to palpable bad faith, capriciousness, arbitrariness or unreasonableness, the courts should not interfere with the choice of the route to be taken by the necessary right-of-way."

It is clear that the condemnees have not borne this burden as we cannot conclude that the authority has acted either in bad faith or in an arbitrary manner for reasons previously stated.

The preliminary objections of condemnees are refused.

The condemnees having notice of the resolution and the declaration of taking, the lack of the date on the declaration of taking filed with the prothonotary may be corrected by amendment.

The refusal of the preliminary objections filed by the condemnees shall not preclude their right to claim just compensation and damages under the provisions of the Eminent Domain Code.

Notice of the entry of this order shall be given as provided by law.